UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERICA THORNTON, | ) |
|  | ) No. CV-09-0138-CI |
| Plaintiff, | ) |
|  | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
|  | ) AND DIRECTING ENTRY OF |
| MICHAEL J. ASTRUE, | ) JUDGMENT FOR DEFENDANT |
| Commissioner of Social | ) |
| Security, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16.) The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) Attorney Rebecca M. Coufal represents Plaintiff; Special Assistant United States Attorney Benjamin Groebner represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment in favor of Defendant.

Plaintiff filed applications for Supplemental Security Income (SSI) benefits on June 12, 2007. (Tr. 26.) She alleged disability due severe migraine headaches and high blood pressure with a claimed onset date of December 20, 2006. (Tr. 102, 105.) Following a denial of benefits and reconsideration, a hearing was held before administrative law judge (ALJ) R. S. Chester. (Tr. 321-48.) Plaintiff, who was represented by counsel, and vocational Daniel McKinney (VE) testified. The ALJ denied benefits, and review was denied by the Appeals Council. (Tr. 6-8, 12-18.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## FACTS

The facts are set forth in detail in the Transcript of Proceedings (Ct. Rec. 10), and are summarized briefly below. Plaintiff was 32 years old at the time of the hearing, married and living with her spouse. (Tr. 327.) She testified she has children who were living with her mother at the time. (Tr. 328.) She indicated she pays child support of $50.00 per month. Plaintiff has a high-school equivalency degree and past work experience as a nurse's aide. (Tr. 330, 332, 342.) She reported she quit her job because it strained her back and neck and gave her headaches. (Tr. 332.) Plaintiff stated her spouse did the household chores and helped her with personal care when she had headaches. (Tr. 337.) She also testified that she cried five of seven days due to headaches, and she cannot afford mental health treatment or medical care. (Tr. 340.) She stated she had not attempted to get public assistance medical care through the State of Washington. (Tr. 341.)

## ADMINISTRATIVE DECISION

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since June 12, 2007, her date of application for benefits. (Tr. 14.) At step two he found Plaintiff's history of migraine headaches was a severe impairment. (Tr. 15.) He noted Plaintiff had complained of depression and anxiety in December 2004, but there was no evidence of mental health treatment or "indication of depression/anxiety since." (*Id*.) He also noted Plaintiff admitted she was engaging in illicit substance abuse during that time. (*Id*., Tr. 329.) At step three, the ALJ found Plaintiff did not have impairments or combination of impairments that met or medically equaled a listed impairment in the

regulations (Listings). (*Id*.) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform work at all exertional levels with the following non-exertional limitations: "no exposure to unprotected heights (ladders, ropes, scaffolding, etc.) and dangerous machinery." (*Id*.) In his RFC determination, ALJ Chester considered Plaintiff's testimony and found her statements regarding the intensity and limiting effects of the alleged symptoms were not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 16, 17.) At step four the ALJ, based in part on VE testimony, found Plaintiff could perform her past relevant work as a nurse's aide. (Tr. 17.) The ALJ also made step five findings and determined there was a significant number of other jobs in the national economy that Plaintiff could perform. He concluded Plaintiff had not been disabled as defined by the Social Security Act since June 12, 2007, the date her application for SSI was filed. (Tr. 18.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he: (1) failed to find depression was a severe impairment; (2) failed to fully develop the record; (3) found Plaintiff not credible; and (4) improperly considered lay testimony. (Ct. Rec. 14.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

The decision of the Commissioner may be reversed only if

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The

claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**DISCUSSION**

A.   Credibility

Plaintiff contends the ALJ's finding that she was not credible to the extent her testimony was inconsistent with the RFC assessment is not based on substantial evidence. Although credibility determinations are the sole province of the ALJ, when an adjudicator finds a claimant's statements regarding the severity of impairments and limitations are not credible, he must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Richardson,* 402 U.S. at 400; *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989).

Once a claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings). Further, in assessing credibility, the ALJ does not need to totally reject or accept a claimant's statements; based on consideration of all the

evidence in the record, the ALJ may find the claimant's statements regarding limitations, symptoms, and pain credible "to a certain degree." *SSR* 96-7p. Nonetheless,

> An ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423 (d)(5)(A). . . . This holds true even where the claimant introduces medical evidence showing that he has an ailment reasonably expected to produce <u>some</u> pain; many medical conditions produce pain not severe enough to preclude gainful employment.

*Fair*, 885 F.2d at 603. While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of his or her symptoms solely because there is a lack of objective medical evidence to support the testimony, there must be some objective medical evidence of an impairment for the time period at issue. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d, 595, 599 (9th Cir. 1999) (*quoting Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). If there is no affirmative evidence of malingering, the reasons must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ summarized Plaintiff's testimony, specifically noting her report she gets migraine headaches three to four times a week that last four days; she had been abstinent from drugs for three and a half years; she was tearful about five days a week; and she was unable to find medical care due to a lack of insurance and income. (Tr. 16.) He then identified information from the record and Plaintiff's testimony that was inconsistent with the frequency

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

and severity claimed.  For example, he found medical records after 2006 contained no evidence of reports of frequent severe headaches as claimed by Plaintiff. *Id*.  Failure to report severe symptoms to treatment providers is a "clear and convincing" reason to discount credibility. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Medical records dated after 2006 support this finding. (*See, e.g.*, Tr. 285-87.)  Although Plaintiff sought treatment for headaches sporadically at emergency rooms in September and October of 2007, and in June 2007, objective testing (including extensive MRI and CAT imaging) by hospital personnel revealed no medical abnormalities.  Further, there is no record of frequent debilitating headaches in other medical records.

The ALJ also found Plaintiff's testimony that she could not afford care with a primary care physician was inconsistent with the record and her testimony. (Tr. 16.)  This also is a "clear and convincing" reason to discount credibility. *Thomas*, 278 F.3d at 958. As noted by the ALJ, contrary to Plaintiff's testimony, the record shows she has accessed medical care repeatedly "when she felt the need to do so." (Tr. 16.)  This finding is supported by records showing she has been referred to or was seeing a primary care provider at Community Health Association Spokane (CHAS) in 2005, 2006, and 2007. (Tr. 197, 201, 298, 306-309.)  Plaintiff accessed care at CHAS in 2004, and was directed to the CHAS for follow-up treatment in March 2005 by the Sacred Heart Hospital emergency room physician.[1]  (Tr. 234-35.)  However, there are no records of

---

[1] It is noted on independent review that at this March 2005 encounter, Plaintiff tested positive for cocaine and marijuana at

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 7

consistent follow-up from CHAS, and at the two visits to CHAS in 2005 and 2006, Plaintiff did not complain of severe headache symptoms or symptoms of depression. (Tr. 306-09.)  In addition, as noted by the ALJ, Plaintiff testified she had not made an attempt to secure state basic health insurance, a statement which is inconsistent with her testimony she was unable to access medical care.  (Tr. 340-41.) The ALJ articulated "clear and convincing" reasons supported by substantial evidence to discount Plaintiff's

---

the hospital, and the treating physician refused to prescribe narcotics.  The emergency room physician noted, "The patient has money to do these drugs [cocaine and marijuana], and I feel that she therefore would have enough to buy her antibiotic treatments in a likewise fashion."  (Tr. 235.)  It is also noted that, contrary to Plaintiff's testimony in November 2008 that she had not used illegal drugs for three and a half years (Tr. 329), an October 2007 ER report indicates Plaintiff stated she had been abstinent from illegal drugs for "the past year and a half."  (Tr. 200.)  As noted by the ALJ, Plaintiff's testimony about her past drug use was inconsistent with the record and later testimony.  (Tr. 16, 329, 333, 339.)  This evidence and other evidence of illegal drug use in April 2006 and October 2006 (Tr. 121, 123), further support the ALJ's reasoning.  *See Warre v. Commissioner of Social Security Admin*. 439 F.3d 1001 n.3 (9th Cir. 2006) (the reviewing court may identify additional evidence to support an ALJ's existing findings); *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant's inconsistencies and lack of candor about substance abuse support adverse credibility finding).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 8

testimony.

Plaintiff appears to argue medical expert testimony is required to establish the validity of the ALJ's credibility findings. (Ct. Rec. 14 at 12.) Plaintiff cites no legal authority for this assertion. The Regulations do not require the use of a medical expert to establish the severity or nature of impairments. 20 C.F.R. § 416.927(f)(2)(iii). Medical expert testimony is required only "[w]hen . . . in the opinion of the [ALJ] or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable." *Social Security Ruling* (SSR) 96-6p. Equivalency is not an issue in this proceeding.

In addition, although the ALJ made no finding of malingering, Plaintiff suggests a psychological evaluation is needed to show she is not malingering. (Ct. Rec. 14 at 12.) As discussed above, the ALJ met his burden by giving "clear and convincing reasons," supported by substantial evidence, for discounting Plaintiff's statements. The Commissioner's credibility determination is a reasonable interpretation of the evidence in its entirety and without legal error.

B.   <u>Step Two - Duty to Develop the Record</u>

Plaintiff next argues the ALJ should have granted her request for a psychological evaluation to augment the record and explore the possibility that she is suffering from a medically determinable mental impairment. In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 9

1  statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.
2  Thus, at step two a claimant must present objective medical evidence
3  to establish an impairment that causes more than a minimal
4  limitation to his or her ability to perform work activities. 20
5  C.F.R. § 416.928; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir.
6  2005); *SSR* 96-4p.

7  The Regulations further state, "We will develop your complete
8  medical history for at least the 12 months preceding the month in
9  which you file your application unless there is a reason to believe
10 that development of an earlier period is necessary . . . ." 20
11 C.F.R. § 416.912(d).

12 The record on review contains a significant number of medical
13 reports and objective imaging test results to support the ALJ's step
14 two finding that Plaintiff's history of migraine headaches caused
15 more than minimal limitations in her ability to perform work
16 activities. (Tr. 14-15.) However, as found by the ALJ, there is no
17 objective medical evidence presented of a mental health diagnosis or
18 treatment after 2004. The 2004 records relied upon by Plaintiff
19 reflect the opinions of a physician's assistant, who is not a
20 medically acceptable source required to establish a medically
21 determinable impairment. 20 C.F.R. § 416.913(d); *SSR* 06-03p.
22 Further, the 2004 records in which depression was reported was
23 during the time Plaintiff was abusing illegal drugs, including
24 cocaine. (Tr. 329.) There is no objective evidence that the
25 symptoms continued after her cessation of drug use, which she
26 testified was about three and a half years prior to the hearing.
27 (*Id*.) Plaintiff's statements, and those of her spouse, unsupported
28 by objective medical evidence, are not sufficient to establish a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

severe impairment.

Acknowledging that the record contains "scant" evidence of a psychological impairment, Plaintiff contends the ALJ erred by not ordering a psychological examination, as provided in 20 C.F.R. § 416.919a. (Ct. Rec. 14 at 9.) However, the burden to produce evidence is on the claimant at step two. *Meanel*, 172 F.3d at 1113. An ALJ's duty to develop the record is triggered only when the existing evidence is ambiguous or insufficient for proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001) *(citing Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001)). It is within the ALJ's discretion to develop the record if additional evidence is necessary to resolve a conflict or clear up any ambiguity in the record. *Id.* Further, the ALJ is only required to seek additional evidence if the evidence already present consistently favors the claimant. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001); *see also,* 20 C.F.R. § 416.919a(a)(2); .927(c)(3).

An independent review of the record indicates there are neither inconsistencies nor ambiguities in the medical evidence. Clinic notes dated February 2005 and July 2006 from CHAS report neither complaints nor observations by medical personnel of mental impairments. (Tr. 306-309.) As stated above, acceptable medical sources made no mental health diagnoses. Emergency room records covering the relevant period do not report depression symptoms or complaints. Plaintiff's unsupported testimony is insufficient to trigger a duty to develop the record. The ALJ did not abuse his discretion when he declined Plaintiff's request for a consultative examination.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 11

C.  <u>Lay Testimony</u>

Plaintiff claims the ALJ's failure to allow her spouse to testify in person is reversible error.  Plaintiff cites no authority for this assertion, and there is no agency regulation requiring an ALJ to allow oral testimony from a lay witness.  Without a showing of prejudice, the procedures adopted by the Social Security administration do not violate due process.  *See Richardson*, 402 U.S. at 409.  Nonetheless, medical and non-medical lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ.  If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'"  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (*citing Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ considered Mr. Thornton's written declaration which was submitted after the hearing because the ALJ had to conduct another hearing and did not have time for live testimony. (Tr. 346, 66.)  In his declaration, Mr. Thornton fully described symptoms he observed when Plaintiff was having migraine headaches.  He also reported she cried on and off, two to three times a day and that she did not want to go to the emergency room because they could not afford it.  (Tr. 66.)  These statements are consistent with symptoms alleged by Plaintiff in her testimony and properly discounted by the ALJ.  (Tr. 16.)  Plaintiff makes no showing she was prejudiced by this form of evidence.

Although the ALJ summarized Mr. Thornton's declaration, he did not specifically reject these statements with reasons "germane" to Mr. Thornton.  Assuming this is legal error, the issue is whether it

is harmless error. Because there is no medical evidence to establish a severe impairment of depression, Mr. Thornton's statements alone, as is the case with Plaintiff's subjective complaints, are insufficient to establish a medically determinable impairment. Even if Mr. Thornton's statements were credited, the subjective statements of a non-medical third party cannot establish disability. *See Ukolov*, 420 F.3d at 1005.

Remand for additional findings germane to Mr. Thornton's testimony will not change the outcome of the hearing. ALJ Chester's denial of benefits is supported by substantial evidence and without legal error. No reasonable adjudicator would find Plaintiff disabled based on Mr. Thornton's statements alone. Therefore, the error is harmless. *See Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006); *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995). Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

2.  Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **GRANTED**.

3.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Defendant**.

DATED May 12, 2010.

                     S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 13